| UNITED STATES BANKRUPTCY COURT DISTRICT OF COLORADO | | |
|---|---|---|
| Debtor: nSpire Health, Inc.<br>EIN 84-1153246 | Case #: | 19-13271-MER<br>Chapter 11 |
| | Case #<br>Chapter | 19-13273-MER<br>11 |
| Debtor: nSpire Health, LLC<br>EIN 20-8754321 | | Jointly Administered in<br>Case No. 19-13271-MER |

## Local Bankruptcy Form 2016-1.1
## Cover Sheet for Application for Professional Compensation
## (Other than Chapter 13 Debtor's Counsel)

**Complete applicable sections and check applicable boxes.**

| | |
|---:|---|
| Name of applicant: | Brownstein Hyatt Farber Schreck, LLP |
| Authorized to provide professional services to: | nSpire Health, Inc. and nSpire Health, LLC (the "**Debtors**") |
| Date of order authorizing employment: | June 6, 2019, *nunc pro tunc* to May 3, 2019 |
| Periods for which compensation is sought: | May 3, 2019 through May 5, 2020 |
| Amount of fees sought: | $645,332.00 |
| Amount of expense reimbursement sought: | $45,435.87 |

This is a(n):

| | |
|---|---|
| ☐ | Interim Application |
| ☒ | Final Application |

If this is <u>not</u> the first application filed herein by this professional, disclose all prior fee applications:

| Date filed | Period covered | Total requested fees & expenses | Total allowed |
|:---:|:---:|:---:|:---:|
| n/a | n/a | n/a | n/a |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is $0.00**.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>NSPIRE HEALTH, INC.<br>EIN:  84-1153246,<br><br>Debtor. | Case No. 19-13271-MER<br><br>Chapter 11 |
| In re:<br><br>NSPIRE HEALTH, LLC<br>EIN:  20-8754321,<br><br>Debtor. | Case No. 19-13273-MER<br><br>Chapter 11<br><br>**Jointly Administered in<br>Case No. 19-13271-MER** |

**BROWNSTEIN HYATT FARBER SCHRECK, LLP'S
FIRST AND FINAL APPLICATION FOR ALLOWANCE OF FEES AND
EXPENSES FOR THE PERIOD FROM MAY 3, 2019 THROUGH MAY 5, 2020**

Brownstein Hyatt Farber Schreck, LLP ("**BHFS**"), counsel for nSpire Health, Inc. and its parent company, nSpire Health, LLC (together, the "**Debtors**"), hereby submits this first and final application for approval of its fees and expenses for the period from May 3, 2019 through May 5, 2020.  This Application seeks approval pursuant to Bankruptcy Code § 330 of fees in the amount of $645,332.00 and reimbursement of expenses in the amount of $45,435.87 for a total amount of $690,767.87.  In support of this Application, BHFS states as follows:

**Introduction**

1. On April 22, 2019 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§101 et seq. (the "**Bankruptcy Code**").

2. On May 3, 2019, the Debtors filed their *Application to Employ Brownstein Hyatt Farber Schreck, LLP as Counsel for Debtors in Possession* (the "**Employment Application**") (Docket No. 21).  On June 6, 2019, the Court approved the Employment Application, effective as of May 3, 2019 (Docket No. 60).

3. By this Application, BHFS seeks the final allowance of fees and expenses incurred while acting as the Debtors' counsel.

4. BHFS has no agreement or understanding of any kind or nature with any other person to share any compensation received for services rendered in or in connection with these proceedings.

21425800

5. The Debtors have reviewed the fees and expenses sought herein and approve of the payment thereof.

6. BHFS does not hold or represent and has not held or represented during the pendency of this proceeding any interest adverse to the estate and remains a "disinterested person" as defined by Bankruptcy Code § 101(14).

## Background

7. Prior to reorganizing into a successor entity through its plan of reorganization, nSpire Health, Inc. developed respiratory information systems software, manufactured respiratory diagnostic devices, and provided clinical trial services for healthcare providers and patients worldwide.

8. The Debtors filed these cases under extraordinary and almost uniquely challenging circumstances. On March 8, 2019, nSpire Health, Inc.'s chief executive officer resigned with no prior warning to the Debtors, and gave no notice or transition period. Within an hour of the resignation, the Debtors' prepetition lender, Montage Capital LLC ("**Montage**"), issued a Notice of Default, Acceleration and Demand. Montage unilaterally froze, then swept, funds from the Debtors' operating account. Without Montage's cooperation, the Debtors were forced to temporarily suspend operations and commence these cases.

9. Even after commencement of these cases, Montage refused consent to use even one dollar of cash collateral for operations or for expenses in compliance with requirements of the Bankruptcy Code. The Debtors were unable to pay employees, retain additional professionals or pay rent, among other things. As a result, the Debtors faced intertwined challenges, the resolution of any one challenge being bound up with resolution of other challenges, including access to cash.

10. Ultimately, with close collaboration between BHFS and the Debtors, the Debtors were able to resolve disputes, retain new management, resume operations and propose a plan of reorganization reflecting consent of the creditor body.

## Professional Services Rendered

11. BHFS primarily utilized 16 attorneys, 11 paralegals and 1 paraprofessional who have performed various services related to the representation of the Debtors and whose services constitute the vast majority of time reflected in the billing statements. BHFS also utilized other attorneys and staff as circumstances required. Attached hereto as **Exhibit A** is a biographical outline of each attorney who performed legal services for a minimum of three hours on behalf of the Debtors during these cases, as well as a list of BHFS timekeepers referenced in the billing statements. Each person who has performed legal services in these matters has kept daily time records for the services performed and the charges being described thereon. Except for limited work related to the Debtors' intellectual property (as discussed below), all of the work performed has been billed on an hourly basis. Attached hereto as **Exhibit B** are the firm's detailed billing statements. BHFS asserts and believes that the flat fees and hourly rates for each attorney and paralegal are consistent with rates for comparable services performed by individuals of their experience and skill, with due regard for the spirit of economy inherent in the Bankruptcy Code, and thus reasonable for the work performed and the results obtained.

12. As described in more detail herein, the services rendered by BHFS assisted the Debtors in complying with their obligations under the Bankruptcy Code, obtaining use of cash collateral and approval of the DIP Facility, investigating and taking steps to preserve and litigate valuable estate causes of action, preparing and negotiating the terms of the Disclosure Statement and Plan, and obtaining confirmation of the same, and negotiating the Exit Facility.

13. BHFS exercised billing judgment when preparing the billing statements, and this Application reflects substantial write-downs of fees and expenses. The adjustments are intended to take into account any inefficiencies, duplication of effort, "lumping" of time, budget expectations and the unique circumstances of the case.

14. Services rendered by the firm aggregate 1,450.80 hours, on account of which fees of $645,332.00 are sought as follows:

| Attorney/Paraprofessional | Hours | Year[1] | Hourly Rate | Total |
|---|---|---|---|---|
| Gregory W. Berger | 3.00 | 2020 | $875.00 | $2,625.00 |
| Michael J. Pankow | 43.70 | 2020 | $795.00 | $34,741.50 |
| Michael J. Pankow | 138.10 | 2019 | $745.00 | $102,884.50 |
| David M. Spaulding | 0.80 | 2020 | $745.00 | $596.00 |
| Steve Abelman | 24.70 | 2019 | $655.00 | $16,178.50 |
| Michael D. Rounds | 3.20 | 2020 | $655.00 | $2,096.00 |
| Airina L. Rodrigues | 2.10 | 2020 | $565.00 | $1,186.50 |
| Joshua M. Hantman | 0.70 | 2020 | $590.00 | $413.00 |
| Eric J. Jensen | 0.20 | 2020 | $545.00 | $109.00 |
| Martine T. Wells | 1.10 | 2020 | $500.00 | $550.00 |
| Jason B. Larkin | 6.60 | 2020 | $500.00 | $3,300.00 |
| Justin L. Cohen | 194.90 | 2020 | $485.00 | $94,526.50 |
| Peter J. Nagle | 12.80 | 2020 | $450.00 | $5,760.00 |
| Hannah Misner Caplan | 13.40 | 2020 | $435.00 | $5,829.00 |
| Shane C. Griffin | 0.70 | 2020 | $435.00 | $304.50 |
| David B. Meschke | 128.20 | 2020 | $420.00 | $53,844.00 |
| Zachary J. Siegel | 36.80 | 2020 | $400.00 | $14,720.00 |
| Nicholas R. Santucci | 2.30 | 2020 | $400.00 | $920.00 |
| Andrew J. Roth-Moore | 277.60 | 2020 | $400.00 | $111,040.00 |
| Andrew J. Roth-Moore | 135.20 | 2019 | $350.00 | $47,320.00 |
| Patrick Berry | 0.40 | 2020 | $400.00 | $160.00 |
| Christopher J. Hand | 4.70 | 2020 | $385.00 | $1,809.50 |
| Gregory M. Janssen | 12.60 | 2020 | $385.00 | $4,851.00 |
| Andrea M. LaFrance | 8.60 | 2020 | $385.00 | $3,311.00 |
| Jonathan D. Marvisi | 191.60 | 2020 | $370.00 | $70,892.00 |
| Eric L. Simpson | 47.70 | 2020 | $350.00 | $16,695.00 |
| Trevor J. Bervik | 0.20 | 2020 | $340.00 | $68.00 |

---

[1] As part of its ordinary practice, and as is customary in the legal industry, BHFS annually increases the hourly rates charged by its professionals. The increased rates shown on this chart are consistent with the increases in hourly rates for comparatively skilled practitioners in non-bankruptcy matters.

3

| Orlene R. Mitchell | 0.80 | 2020 | $340.00 | $272.00 |
|---|---|---|---|---|
| Sheila M. Grisham | 32.10 | 2020 | $325.00 | $10,432.50 |
| Sheila M. Grisham | 55.80 | 2019 | $315.00 | $17,577.00 |
| Jean M. Harrison | 4.50 | 2020 | $325.00 | $1,462.50 |
| Dawn R. Sullivan | 1.10 | 2020 | $315.00 | $346.50 |
| Kate M. Meade | 43.80 | 2020 | $315.00 | $13,797.00 |
| Sara R. Mares | 4.90 | 2020 | $315.00 | $1,543.50 |
| Sara R. Mares | 1.30 | 2019 | $305.00 | $396.50 |
| Edward T. Brown | 1.00 | 2020 | $270.00 | $270.00 |
| Brian J. Braud | 0.20 | 2019 | $205.00 | $41.00 |
| Michelle L. Affrunti | 7.00 | 2019 | $195.00 | $1,365.00 |
| Meredith A. Whatley | 6.00 | 2020 | $175.00 | $1,050.00 |
| Victoria G. De La Torre | 0.40 | 2019 | $120.00 | $48.00 |
| **TOTAL** | **1,450.80** | | | **$645,332.00** |

15. Based upon the extraordinary circumstances of this case, BHFS has organized its billings differently than usual. Because of the intertwined nature of the challenges, BHFS has categorized its billings by phase of the Chapter 11 case rather than traditional category. It was, in BHFS' view, the most practicable way to track services which usually addressed multiple challenges simultaneously, e.g., access to cash, retention of management or professionals, compliance with Chapter 11 requirements, and preservation of customer relationships.

**PHASE I:   TRIAGE AND STABILIZATION**

16. During Phase I of the cases, BHFS's efforts focused on the related challenges of cash, completion of Schedules, Statement of Financial Affairs, reports required by the United States Trustee, issues with the Debtors' landlord, and management and raising capital. By the end of Phase I, the Debtors had reached a settlement with Montage for a discounted payment, retained new management, resumed active operations and structured a plan of reorganization. Phase I of the case proceeded from May 3, 2019 through December 31, 2019.

*Compliance*

17. BHFS assisted with the preparation of Schedules of Assets and Liabilities, the Statement of Financial Affairs, the Initial Financial Report and attended the section 341 meeting of creditors. Montage served the Debtors with a Rule 2004 subpoena, while not consenting to the expenditure of any cash for compliance therewith, and the Debtors addressed reporting for non-debtor foreign affiliates. Due to delays in compliance on certain items, the United States Trustee filed a motion to convert or dismiss the case. The Debtors were able to address the UST's concerns and put into place a plan for compliance. As a result, the motion was placed on a series of status hearings as the Debtors otherwise progressed through the case.

*Disputes with Pre-Petition Lender*

18. As discussed, the Debtors filed the case with a hostile working capital lender that did not consent to use of cash for any purpose. On May 24, 2019, the Debtors filed a motion seeking non-consensual use of cash collateral. (Docket No. 45) Montage opposed the motion

4

(Docket No. 49) and, on May 29, 2019 the Bankruptcy Court entered an order denying the Debtor's cash collateral motion (Docket No. 53).

19. Montage then sought to foreclose on the Debtors' assets. On May 13, 2019, Montage sought discovery on the Debtors' ability to reorganize. (Docket No. 36) On June 4, 2019, Montage filed a motion seeking stay relief to pursue foreclosure. (Docket No. 56). BHFS filed an objection to Montage's stay motion. (Docket No. 56).

20. Ultimately, BHFS worked with the Debtors' management and Montage's professionals to reach a consensual resolution. Under a settlement between the parties, the Debtors agreed to make payments to Montage and, in exchange, Montage consented to use of cash collateral and withdrew its stay motion. (Docket No. 87) On November 27, 2019, the Bankruptcy Court entered an order approving the settlement with Montage. (Docket No. 118)

### *Resolving Issues with Landlord*

21. The Debtors also had to resolve issues with its prepetition landlord, GCC Longmont Holdings, Limited Partnership ("**GCC**"). As of the Petition Date, the Debtors operated out of a location leased from GCC. Because the Debtors did not have access to cash pending resolution of the dispute with Montage, the Debtors were unable to pay GCC for post-petition rent. On September 30, 2019, GCC filed motions for immediate possession of the leased premises (Docket No. 94) and for the allowance of administrative expenses (Docket No. 96).

22. As with Montage, BHFS assisted in reaching a consensual resolution. On December 20, 2019, the Debtors and GCC executed a stipulation (the "**GCC Stipulation**"), pursuant to which, GCC withdrew its motion for possession and waived all of its claims and administrative expenses. (Docket No. 100) The GCC Stipulation was conditioned on, among other things, nSpire Health, Inc. vacating the premises and entering into a new commercial lease agreement with GCC, as the landlord, for warehouse and office space at a new location.

23. On December 20, 2019, the Debtors filed motions seeking approval of the GCC Stipulation (Docket No. 140) and for authority to enter into a new lease. (Docket No. 137). On January 14, 2020, the Court entered separate orders granting the Debtors' motions. (Docket Nos. 159, 160).

### *Retention of New Management and Resumption of Operations*

24. Despite inability to access cash, the Debtors' ultimate owner, John C Head III, continued to pursue opportunities to reorganize the company. Mr. Head, working with BHFS, identified a plan of reorganization that relied on narrowing operations to maximize profitable sections of the Debtors' business.

25. On September 24, 2019, nSpire Health, Inc. retained an experienced executive in the medical field, Dr. John Peterson, as its Interim Chief Executive Officer. In October of 2019, the Debtors began to restart their operations. The Debtors, utilizing independent contractors, began selling inventory to its affiliates, customers, and healthcare service providers including a major regional service provider network.

*DIP Financing*

26.  In order to fund the administrative expenses of the cases and continued operations, the Debtors needed access to additional cash. On December 19, 2019, the Debtors filed a motion (the "**DIP Motion**") (Docket No. 134) seeking authorization for nSpire Health, Inc., as borrower, to enter into a Loan and Security Agreement, dated December 12, 2019 (the "**DIP Credit Agreement**") with John C Head III, as lender. On January 24, 2020, the Court entered an order approving the DIP Motion on a final basis. (Docket No. 167)

27.  Under the DIP Credit Agreement, Mr. Head provided nSpire Health, Inc. a revolving loan facility (the "**DIP Facility**") that was secured by senior secured priming and superpriority liens on substantially all of nSpire Health, Inc.'s assets. The Debtors used the proceeds of the DIP Facility to fund, among other things, a security deposit for the new lease, ongoing working capital, general corporate expenditures, and other financing needs of the Debtors and certain transaction fees and other costs and expenses of administration of the cases. Closely related to the DIP Facility was initial work on a plan of reorganization.

28.  Fees requested in this matter total $185,810.50 representing approximately 28.79% of the total fees requested. Detailed statements are attached as **Exhibit B-1**. Work by each individual timekeeper in this matter is set forth below:

| Attorney/Paraprofessional | Hours | Year[2] | Hourly Rate | Total |
|---|---|---|---|---|
| Michael J. Pankow | 138.10 | 2019 | $745.00 | $102,884.50 |
| Steve Abelman | 24.70 | 2019 | $655.00 | $16,178.50 |
| Andrew J. Roth-Moore | 135.20 | 2019 | $350.00 | $47,320.00 |
| Sheila M. Grisham | 55.80 | 2019 | $315.00 | $17,577.00 |
| Sara R. Mares | 1.30 | 2019 | $305.00 | $396.50 |
| Brian J. Braud | 0.20 | 2019 | $205.00 | $41.00 |
| Michelle L. Affrunti | 7.00 | 2019 | $195.00 | $1,365.00 |
| Victoria G. De La Torre | 0.40 | 2019 | $120.00 | $48.00 |
| **TOTAL** | **362.70** | | | **$185,810.50** |

**PHASE II:  ACTIVE OPERATIONS AND PLAN OF REORGANIZATION**

29.  During Phase II, BHFS assisted the Debtors with their continuing reorganization efforts. With Montage behind them and new management in place, the Debtors were able to aggressively move forward in the Chapter 11 case. BHFS worked closely with new management regarding active operations. BHFS was able to resolve remaining open compliance items, including the Form B26 reports. BHFS worked with the Debtors to complete arrangements with the landlord, GCC, and move into the new location. Phase II proceeded from January 1, 2020 through March 3, 2020, the date of plan confirmation.

---

[2] As part of its ordinary practice, and as is customary in the legal industry, BHFS annually increases the hourly rates charged by its professionals. The increased rates shown on this chart are consistent with the increases in hourly rates for comparatively skilled practitioners in non-bankruptcy matters.

21425800

30. A primary focus of BHFS's efforts during this period was prosecution of the plan of reorganization. The Debtors reorganized through their Second Amended Chapter 11 Plan of Liquidation for nSpire Health, Inc. and nSpire Health, LLC (as modified by the Minor Plan Modification Pursuant to Rule 3019(a)). Under the plan, the Debtors transferred their assets to a successor entity, KoKo, LLC. Plan. Art. V.C. In turn, a successor entity, KoKo, LLC assumed the Debtors' liabilities under the Plan. Id. Further, in order to fund the reorganization and certain plan expenses, the plan called for the plan sponsor to provide a new debt facility to KoKo, LLC. Plan. Art. V.B.

31. BHFS worked with the Debtors to prepare and revise the proposed structure, provided advice regarding various aspects of the plan and corporate structure, and negotiated with creditors to resolve objections.

32. During this period, BHFS also worked with the Debtors to actively protect their assets and market position. BHFS reviewed and assisted with filings to preserve core intellectual property assets. BHFS also commenced investigation of actions taken by employees and others that impinge on the Debtors' IP and other rights, and customer relationships. In particular, the Debtors learned that certain of its former employees and officers had stolen the Debtors' property or breached their fiduciary duties to the Debtors. In more than one instance, former employees used stolen property, including trade secrets and intellectual property, to form competing businesses, causing ongoing damages to the Debtors. This required the involvement of intellectual property lawyers and litigators.

33. On March 3, 2020, the Court entered its order confirming the Plan. (Docket No. 197) The effective date of the Plan occurred on May 5, 2020.

34. Fees requested in this matter total $184,762.00, representing approximately 28.63% of the total fees requested. Detailed statements are attached as **Exhibit B-2.** Work by each individual timekeeper in this matter is set forth below:

| Attorney/Paraprofessional | Hours | Year[3] | Hourly Rate | Total |
|---|---|---|---|---|
| Gregory W. Berger | 1.40 | 2020 | $875.00 | $1,225.00 |
| Michael J. Pankow | 29.90 | 2020 | $795.00 | $23,770.50 |
| David M. Spaulding | 0.80 | 2020 | $745.00 | $596.00 |
| Michael D. Rounds | 0.70 | 2020 | $655.00 | $458.50 |
| Joshua M. Hantman | 0.70 | 2020 | $590.00 | $413.00 |
| Eric J. Jensen | 0.20 | 2020 | $545.00 | $109.00 |
| Martine T. Wells | 0.30 | 2020 | $500.00 | $150.00 |
| Justin L. Cohen | 33.40 | 2020 | $485.00 | $16,199.00 |
| Peter J. Nagle | 3.40 | 2020 | $450.00 | $1,530.00 |
| Shane C. Griffin | 0.70 | 2020 | $435.00 | $304.50 |
| David B. Meschke | 29.50 | 2020 | $420.00 | $12,390.00 |
| Zachary J. Siegel | 35.30 | 2020 | $400.00 | $14,120.00 |

---

[3] As part of its ordinary practice, and as is customary in the legal industry, BHFS annually increases the hourly rates charged by its professionals. The increased rates shown on this chart are consistent with the increases in hourly rates for comparatively skilled practitioners in non-bankruptcy matters.

| Nicholas R. Santucci | 0.40 | 2020 | $400.00 | $160.00 |
| --- | --- | --- | --- | --- |
| Andrew J. Roth-Moore | 184.60 | 2020 | $400.00 | $73,840.00 |
| Gregory M. Janssen | 7.70 | 2020 | $385.00 | $2,964.50 |
| Andrea M. LaFrance | 4.90 | 2020 | $385.00 | $1,886.50 |
| Jonathan D. Marvisi | 30.40 | 2020 | $370.00 | $11,248.00 |
| Eric L. Simpson | 44.40 | 2020 | $350.00 | $15,540.00 |
| Trevor J. Bervik | 0.20 | 2020 | $340.00 | $68.00 |
| Sheila M. Grisham | 13.80 | 2020 | $325.00 | $4,485.00 |
| Kate M. Meade | 1.80 | 2020 | $315.00 | $567.00 |
| Sara R. Mares | 4.50 | 2020 | $315.00 | $1,417.50 |
| Edward T. Brown | 1.00 | 2020 | $270.00 | $270.00 |
| Meredith A. Whatley | 6.00 | 2020 | $175.00 | $1,050.00 |
| **TOTAL** | **436.00** | | | **$184,762.00** |

**PHASE III:  POST-CONFIRMATION, PRE-EFFECTIVE DATE**

*Litigation*

35.     Having successfully obtained confirmation of the plan, there was still substantial work to do in order to complete the exit from Chapter 11.  During this time, BHFS became even more active than previously in protecting the Debtor's IP rights and competitive position.  The final phase covers the period from March 4 through May 5, 2020, until the plan went effective.

36.     Significantly, before the Plan effective date, the Debtors initiated an action against Summit Biomedical Services, LLC ("**Summit**") and the Debtors' former employees that founded Summit.  The Debtors allege that the former employees stole the Debtors' trade secrets and personal property and utilized those assets to help Summit take business from the Debtors.  These actions represented a continuing threat to the Debtors' ability to reorganize.  Accordingly, on March 13, 2020, BHFS filed a complaint against Summit and the former employees in Colorado District Court in Weld County.  *nSpire Health, Inc. v. Summit Biomedical Service, LLC*, Case No. 2020-CV-030219.  Among other things, the Debtors sought a preliminary injunction preventing Summit from continuing to utilize the Debtors' trade secrets and personal property.

37.     BHFS was required to expend substantial time gathering and reviewing facts, meeting with the Debtors' management and employees, analyzing nuanced intellectual property issues, and preparing the complaint. Bring the action was necessary to preserve the Debtors' customer relationships and the value of their business.

38.     BHFS's efforts during Phase III also included finalization of exit financing and continuing work to preserve intellectual property.

39.     Fees requested in this matter total $274,759.50, representing approximately 42.58% of the total fees requested.  Detailed statements are attached as **Exhibit B-3.**  Work by each individual timekeeper in this matter is set forth below:

8

21425800

| Attorney/Paraprofessional | Hours | Year[4] | Hourly Rate | Total |
|---|---|---|---|---|
| Gregory W. Berger | 1.60 | 2020 | $875.00 | $1,400.00 |
| Michael J. Pankow | 13.80 | 2020 | $795.00 | $10,971.00 |
| Michael D. Rounds | 2.50 | 2020 | $655.00 | $1,637.50 |
| Airina L. Rodrigues | 2.10 | 2020 | $565.00 | $1,186.50 |
| Martine T. Wells | 0.80 | 2020 | $500.00 | $400.00 |
| Jason B. Larkin | 6.60 | 2020 | $500.00 | $3,300.00 |
| Justin L. Cohen | 161.50 | 2020 | $485.00 | $78,327.50 |
| Peter J. Nagle | 9.40 | 2020 | $450.00 | $4,230.00 |
| Hannah Misner Caplan | 13.40 | 2020 | $435.00 | $5,829.00 |
| David B. Meschke | 98.70 | 2020 | $420.00 | $41,454.00 |
| Zachary J. Siegel | 1.50 | 2020 | $400.00 | $600.00 |
| Nicholas R. Santucci | 1.90 | 2020 | $400.00 | $760.00 |
| Andrew J. Roth-Moore | 93.00 | 2020 | $400.00 | $37,200.00 |
| Patrick Berry | 0.40 | 2020 | $400.00 | $160.00 |
| Christopher J. Hand | 4.70 | 2020 | $385.00 | $1,809.50 |
| Gregory M. Janssen | 4.90 | 2020 | $385.00 | $1,886.50 |
| Andrea M. LaFrance | 3.70 | 2020 | $385.00 | $1,424.50 |
| Jonathan D. Marvisi | 161.20 | 2020 | $370.00 | $59,644.00 |
| Eric L. Simpson | 3.30 | 2020 | $350.00 | $1,155.00 |
| Orlene R. Mitchell | 0.80 | 2020 | $340.00 | $272.00 |
| Sheila M. Grisham | 18.30 | 2020 | $325.00 | $5,947.50 |
| Jean M. Harrison | 4.50 | 2020 | $325.00 | $1,462.50 |
| Dawn R. Sullivan | 1.10 | 2020 | $315.00 | $346.50 |
| Kate M. Meade | 42.00 | 2020 | $315.00 | $13,230.00 |
| Sara R. Mares | 0.40 | 2020 | $315.00 | $126.00 |
| **TOTAL** | **652.10** | | | **$274,759.50** |

40. BHFS believes that the requested fees and expenses are reasonable and necessary in this proceeding and has charged reasonable rates based upon the customary compensation charged by comparatively skilled practitioners in non-bankruptcy cases. BHFS has considered the complexity of the legal issues involved, and whether the services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue or task addressed. BHFS has avoided duplicative billing and has extensively reviewed the fees to ensure that they are reasonable and necessary.

41. BHFS has reviewed the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under Bankruptcy Code § 330, as promulgated by the Office of the United States Trustee, and the fees and expenses requested herein are in conformance with the United States Trustee's guidelines.

---

[4] As part of its ordinary practice, and as is customary in the legal industry, BHFS annually increases the hourly rates charged by its professionals. The increased rates shown on this chart are consistent with the increases in hourly rates for comparatively skilled practitioners in non-bankruptcy matters.

21425800

**WHEREFORE**, BHFS respectfully requests that this Court enter an order approving its fees in the amount of $645,332.00 and reimbursement of its expenses in the amount of $45,435.87 pursuant to Bankruptcy Code § 330, approving payment of $690,767.87 in accordance with the terms of the confirmed Plan, and granting such other and further relief as the Court deems appropriate.

DATED: August 17, 2020.

Respectfully submitted,

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**

*s/ Michael J. Pankow*
Michael J. Pankow, #21212
410 17th Street, Suite 2200
Denver, Colorado 80202
Telephone: (303) 223-1100
Facsimile: (303) 223-1111
mpankow@bhfs.com

*Attorney for the Debtors*

21425800